# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,

        Appellant,

        v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,

        Agency.

DOCKET NUMBER
DE-3330-15-0042-I-1

DATE: April 9, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John Paul Jones, III, Albuquerque, New Mexico, pro se.

Robert E. Nerthling, II, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 As the parties are familiar with the facts of this case, we are only reciting the background facts necessary to frame and decide the issues presented by the appellant on review. The appellant filed a VEOA appeal alleging that the Centers for Disease Control and Prevention (CDC), National Center for Emerging and Zoonotic Infectious Diseases, Division of Global Migration and Quarantine, Department of Health and Human Services (HHS), violated his veterans' preference rights by failing to select him for the GS-13 Public Health Advisor position advertised under delegated examining announcement HHS-CDC-D3-14-1173393 (Vacancy ID 1173393). Initial Appeal File (IAF), Tab 1. Concurrently with Vacancy ID 1173393, the agency issued merit promotion announcement HHS-CDC-M3-14-1173430 (Vacancy ID 1173430) for the same Public Health Advisor position, and stated that applicants were required to apply separately for each announcement to be considered. IAF, Tab 6 at 59, Tab 8 at 7. The appellant only applied for the position under Vacancy ID 1173393, and the human resources specialists determined that he was not qualified because he lacked the

specialized experience set forth in the job announcement.[2] *Id*. at 16; IAF, Tab 9 at 20-21, 24. The agency submitted documents showing that it made a selection using the internal merit promotion process under Vacancy ID 1173430, for which the appellant did not apply, and returned unused the delegated examining certificate issued under Vacancy ID 1173393. IAF, Tab 6 at 14, Tab 8 at 5, Tab 9 at 21, 24-25.

¶3    The administrative judge issued an order finding no dispute of material fact and denied the appellant's hearing request based on his review of the parties' submissions.[3] IAF, Tab 7 at 3. The administrative judge set a date for the close of the record and allowed the parties an additional opportunity to supplement the record before it closed. *Id*. at 2-4. The agency provided sworn statements from the human resources specialists who reviewed the appellant's application package and declared under the penalty of perjury that the agency made its selection from the merit promotion announcement certificate and made no selection from the delegated examining announcement certificate. IAF, Tab 9 at 21, 24-25. The human resources specialists also swore that they considered all of the information in the appellant's application package and determined that he lacked the 1 year of specialized experience required for the position.[4] IAF, Tab 9 at 20-21, 24.

---

[2] The appellant does not dispute that the agency adjudicated his 5-point veterans' preference in processing his application. *See* IAF, Tab 6 at 16.

[3] With regard to the appellant's additional arguments on appeal, the administrative judge found that he had no jurisdiction under VEOA to consider the appellant's claim that the agency committed various prohibited personnel practices. IAF, Tab 7 at 2. The administrative judge also found that he had no jurisdiction to determine whether the agency fairly tested the relative capacity and fitness of applicants. *Id*. at 3. Lastly, the administrative judge found that the appellant was not due any priority consideration as a result of his past VEOA cases. *Id*.

[4] The human resources specialists determined that the appellant lacked the required specialized experience in "overseeing, evaluating and providing technical assistance on public health programs involving preparedness and emergency response or detection/prevention of infectious diseases equivalent to the GS-12 grade level in the Federal service." IAF, Tab 9 at 20, 24; *see* IAF, Tab 5 at 60, 62.

¶4    The appellant responded by disputing that the agency made a selection from the merit promotion certificate and arguing that he is entitled to priority placement. IAF, Tab 10 at 6, 23. He argued that he submitted evidence showing that the agency has a pattern and practice of violating the rights of veterans and that HHS employees and the Department of Veterans Administration employees lie. IAF, Tab 10 at 22-24. He also argued that hearings were essential in his prior VEOA appeals, and he provided background information about his prior VEOA appeals and related documentation. IAF, Tabs 10-11.

¶5    Based on the written record, the administrative judge found that he had jurisdiction over the appeal pursuant to 5 U.S.C. § 3330a(a)(1)(A) and denied the appellant's request for corrective action under VEOA, finding that the appellant failed to prove that the agency violated his veterans' preference rights in this case. IAF, Tab 12, Initial Decision (ID) at 1-2, 8. The administrative judge found in pertinent part that the agency proved that it selected an applicant for the Public Health Advisor position from the merit promotion certificate. ID at 6. With regard to the appellant's application under the delegated examining announcement, the administrative judge found that the record showed that the agency credited all of the appellant's valuable experience material in determining that he was not qualified. ID at 6. In reaching his decision, the administrative judge considered and rejected the appellant's argument that he was entitled to priority consideration. ID at 8. The administrative judge further found that he lacked the authority to consider the agency's past hiring actions in deciding this VEOA appeal, noting that the appellant did not allege that the same officials involved in those hiring decisions were involved in this case or made attempts to influence the selecting official in this case. ID at 8.

¶6    The appellant has filed a petition for review asking the Board to remand the appeal to the Denver Field Office with instructions to hold a hearing for the agency to explain its hiring decision and reasserting the arguments he made on appeal. Petition for Review (PFR) File, Tab 1; IAF, Tabs 4, 10. The agency has

responded in opposition to the appellant's petition for review, and the appellant has replied to the agency's response. PFR File, Tabs 3-4.

¶7        Contrary to the appellant's arguments on review, the Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007). Under 5 U.S.C. § 3311(2) and 5 C.F.R. § 302.302(d), the Board's role is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy, and the Board will not reevaluate the weight the agency accorded these experiences in reaching its decision that the appellant was not qualified for a given position of employment. *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 9 (2014).

¶8        On review, the appellant fails to identify any valuable experience or work history included in the application he submitted under the delegated examining announcement that the agency purportedly omitted, overlooked, or excluded in assessing whether he had the specialized experience required for the position. As noted previously, the agency submitted declarations from human resources specialists swearing under penalty of perjury that they reviewed all of the documents in the appellant's application package and found that he lacked the required 1 year of specialized experience for the announced position. IAF, Tab 9 at 21, 24-25. The human resources specialists also swore that they made no selection from the delegated examining certificate. *Id*. Although the appellant disputes their determination that he lacked the required experience, VEOA does not empower the Board to reevaluate the merits of an agency's ultimate determination that a preference-eligible veteran is not qualified for a position with the agency. PFR File, Tab 1 at 13, 15; *see Miller*, 121 M.S.P.R. 88, ¶ 12. Moreover, the agency's decision to make no selection from the certificate issued under the delegated examining announcement did not deny the appellant his

opportunity to compete for the position or otherwise violate his rights under a statute or regulation relating to veterans' preference. *See Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008). We agree with the administrative judge's finding that the agency did not violate the appellant's rights under VEOA with respect to the position for which he applied. ID at 8.

¶9 The appellant's unfounded speculation that the agency may have lied about making a selection from the merit promotion certificate does not create a genuine dispute of material fact in this appeal. PFR File, Tab 1 at 11-14. A factual dispute is only genuine if there is sufficient evidence, favoring the party seeking the evidentiary hearing, for the administrative judge to rule in favor of that party should he credit that party's evidence. *See Redd v. U.S. Postal Service*, 101 M.S.P.R. 182, ¶ 14 (2006). The record reflects that the administrative judge ordered the agency to submit proof that it filled the Public Health Analyst position at issue in this appeal with a candidate from the merit promotion certificate, the agency submitted the requested documents, and the administrative judge considered that evidence in making his decision. ID at 2, 5; IAF, Tab 7, Tab 8 at 5, Tab 9 at 21, 24-25. We find that the appellant had a full and fair opportunity to develop the record on the dispositive issues and to dispute the agency's evidence and, despite his arguments to the contrary, he failed to identify any genuine dispute of material fact that would warrant a hearing.

¶10 The agency's selection under the concurrent merit promotion announcement, for which the appellant did not apply, provides no basis for relief under VEOA. An agency has the discretion to fill a vacant position by any authorized method, and an agency that considers applicants under both competitive examination and merit promotion procedures may select a candidate under the merit promotion procedures. *See Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1383-84 (Fed. Cir. 2007); *Dean*, 108 M.S.P.R. 137, ¶ 11. VEOA only gives the appellant the right to compete for vacant positions;

the statute does not ensure that he will be successful. *See Abell v. Department of the Navy*, 343 F.3d 1378, 1383 (Fed. Cir. 2003).

¶11   The appellant's remaining arguments on review are not dispositive and present no basis for disturbing the initial decision denying his request for corrective action under VEOA. PFR File, Tabs 1, 4. We therefore deny the petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at <u>http://www.mspb.gov/probono</u> for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:    _____
            William D. Spencer
            Clerk of the Board

Washington, D.C.